IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMIE WILLIAM SITES                    :

    Petitioner                              :

v                                                      :         Civil Action No. RDB-06-2145

BUREAU OF PRISONS, *et al.*        :

    Respondents                         :

o0o

## MEMORANDUM OPINION

Pursuant to this Court's Order to Show Cause, Respondents' have filed an Answer to the Petition for Writ of Habeas Corpus. Paper No. 4. Petitioner has filed a Reply and the matter is ripe for this Court's consideration. Upon review of the papers filed, this Court finds a hearing in this matter to be unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Petition will be denied.

Petitioner is serving a 120 month sentence for Felon in Possession of Firearms which was imposed by the United States District Court for the Northern District of West Virginia on November 4, 2002. Paper No. 4 at Ex. 1B. At the time Petitioner was sentenced, he was serving a term of one to five years in the custody of the West Virginia Department of Correction. *Id*. at Ex. 1C. For purposes of his federal criminal trial he was temporarily transferred to federal custody from April 25, 2002, to November 8, 2002. *Id*. at Ex. 1D. Upon completion of his West Virginia term of confinement, Petitioner was permanently transferred to federal custody on March 2, 2004, when he was received at the Federal Correctional Institution in Cumberland, Maryland. The Bureau of Prisons is using March 2, 2004, as the commencement date of Petitioner's 120 month sentence because it is the date he was received into federal custody for service of his sentence. *Id*. at Ex. 1A.

Petitioner alleges that he was not provided credit against his 120 month sentence for time

served on the West Virginia sentence. Paper No. 1. He claims that he was induced to plead guilty on federal charges due in part to his understanding that the sentences would be concurrent. *Id.* He alleges that the failure of the Bureau of Prisons to credit him with time served in West Virginia custody violates his due process rights.[1] In support of his claim, Petitioner submits portions of his sentencing transcript indicating that requests were made to make the 120 month sentence concurrent with his state term of confinement and that the federal sentence should commence on April 25, 2002. Paper No. 6 at Ex. E.[2] Respondents admit that Petitioner was not provided credit against his federal sentence for time spent in state custody, but assert that the failure to do so is not improper. Paper No. 4.

Petitioner's federal sentence was not made concurrent to any other term of confinement. *Id.* at Ex. 1B. Under 18 U.S.C. §3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." If there is no clear intent by the sentencing judge to make a term of confinement concurrent with another sentence, the sentence is consecutive. *See* 18 U.S.C. §3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). The fact that counsel made requests for the federal sentence to run concurrently and the sentencing judge remained silent regarding that request, requires the Bureau

---

[1] The only issue before the Court is whether the Bureau of Prisons has properly executed the sentence as imposed. *See* Paper No. 3. The allegation regarding whether the plea bargain entered into by Petitioner was breached or that Petitioner was improperly induced to plead guilty is an issue not properly before this Court.

[2] There is nothing in the transcripts submitted indicating that the judge complied with counsel's requests to make the sentence concurrent.

of Prisons to commence Petitioner's federal sentence on the date he is received into custody for purposes of serving the sentence. To the extent that a federal sentence may commence when a prisoner is in state custody, that occurs only "when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of that federal sentence." *United States v. Evans*, 159 F. 3d 908, 911– 12 (4th Cir. 1998). No such designation occurred in the instant case. Thus, Petitioner was not serving his federal sentence while confined in state custody.

Petitioner also asserts that he is entitled to jail credit for the time period between June 10, 2002, and March 2, 2004, when he was in temporary federal custody for purposes of his trial. Paper No. 1. At that time Petitioner was still serving a state sentence and received credit for that period of time against his state sentence. Paper No. 4 at Ex. 1. Under 18 U.S.C. §3585(b) a defendant is not entitled to credit toward the service of a term of imprisonment if the period of time in question has been credited against another sentence. *See also McClain v. Bureau of Prisons* 9 F. 3d 503, 505 (6th Cir. 1993) (intent of 18 U.S.C. §3585(b) is to prevent double credit incurred before commencement of sentence).

In the instant case, there is no evidence that the Bureau of Prisons has failed to properly calculate Petitioner's term of confinement. Accordingly, by separate Order which follows, the Petition shall be denied.

December 21, 2006                    /s/
   Date                                   RICHARD D. BENNETT
                                   UNITED STATES DISTRICT JUDGE